UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
Amalia Abut,

                        Plaintiff,          Civil Action No: 13 CV -533(VB)(LMS)

      against

JP Morgan Chase & Co.                    **COMPLAINT AND DEMAND**
and Equifax, Inc.,                            **FOR TRIAL BY JURY**

                        Defendants.
-------------------------------------------------X

Plaintiff Amalia Abut ("Plaintiff" or "Abut"), by and through her attorneys, FREDRICK SCHULMAN & ASSOCIATES, Attorneys at Law, as and for her complaint against Defendants JP Morgan Chase & Co. (hereinafter "JP Morgan Chase") and Equifax, Inc. (hereinafter "Equifax") respectfully sets forth, complains and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

Plaintiff brings this action for statutory damages, actual damages, and declaratory relief arising from Defendants' joint and several violation(s) of 15 U.S.C. Sec. 1681 *et seq.*, commonly referred to as the Fair Credit Reporting Act ("FCRA").

## PARTIES

1.     Plaintiff is a resident of the State of New York, County of Rockland, residing at 57 East Willow Tree Road , Spring Valley, NY 10977. Plaintiff is a natural individual who is a "consumer" as that term is defined in 15 U.S.C §1681a(c).

2. Defendant JP Morgan Chase & Co. (hereinafter "JP Morgan Chase") is a financial institution and national bank incorporated under the laws of the State of New York. Upon information and belief, JP Morgan Chase maintains its principal place of business at 270 Park Avenue, New York, New York 10017, and is authorized to conduct business within the State of New York. Upon further information and belief, JP Morgan Chase is a furnisher of consumer information to consumer reporting agencies and is a "consumer reporting agency" as that term is defined in 15 U.S.C. §1681a(f).

3. Defendant Equifax, Inc. (hereinafter "Equifax") is a consumer data collection company with its corporate headquarters located at 1550 Peachtree Street NW, Atlanta, Georgia 30309 and is authorized to conduct business in the State of New York. Upon information and belief, Defendant Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, as well as 15 U.S.C. Sec. 1681 *et. seq.* and 28 U.S.C. Sec. 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. Sec. 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length.

7. On or about July 2007, Plaintiff and her spouse took out a mortgage with non-party Washington Mutual, Inc. (hereinafter "Washington Mutual") on a property located at 3734 Chase

Avenue, Miami Beach, Florida, 33140. Upon information and belief, this mortgage was assigned account number 0773364963 (hereinafter referred to as the "Account").

8.     Sometime thereafter, Defendant Chase Bank acquired Washington Mutual and became the holder of said mortgage account.

9.     In or around November 2008, Plaintiff and her spouse paid off the mortgage account and Defendant JP Morgan Chase executed a satisfaction of mortgage favorable to Plaintiff and her spouse related to the property (the "Satisfaction of Mortgage").

10.    Upon information and belief, this Satisfaction of Mortgage was recorded with the Clerk of Miami-Dade County.  A true copy of the Satisfaction of Mortgage is annexed hereto as Exhibit A.

11.    On or about November 2012, Plaintiff noticed that Defendant JP Morgan Chase was reporting a negative tradeline on her credit report.

12.    Specifically, the entry represents that the Account was delinquent in the amount of $165,335.00, and was "charged off."

13.    On or about November 7, 2012, Plaintiff sent a written request to Defendant Equifax to update her credit report to accurately reflect a "zero" balance on the Account. A true copy of the letter with the facsimile transmission confirmation sheet are collectively annexed hereto as Exhibit B.

14.    Upon information and belief, Defendant Equifax sent notice of the Plaintiff's dispute to Defendant JP Morgan Chase.

15.    Upon information and belief, Defendant JP Morgan Chase failed to reinvestigate the information about the accuracy of the Account reporting.

16.     Upon information and belief, Defendant Equifax failed to conduct a proper reinvestigation, failed to delete or update the account information and/or failed to notify the Plaintiff of the reinvestigation A copy of Plaintiff's credit report dated January 13, 2013 is annexed hereto as Exhibit C.

17.     Plaintiff's creditworthiness has been repeatedly compromised by the joint and several acts and omissions of the Defendants.

18.     As a direct and proximate result of Defendants' joint and several actions as well as failures to accurately report the status of this account, Plaintiff has suffered pecuniary injury, has been denied credit, and has lost business opportunities.

19.     Furthermore, Plaintiff has been forced to abstain from applying for credit and has suffered adverse action on her existing credit accounts. Plaintiff has sustained actual damages, including emotional distress, pecuniary loss, and lost business opportunities as a result of the Defendants' joint and several actions as well as failures to fulfill their obligations under the FCRA.

20.     As a result of the Defendants' joint and several actions and failures, Plaintiff has been injured and is entitled to an award of actual damages in an amount to be determined at trial, punitive damages in an amount to be determined at trial, reasonable attorneys fees, all costs and disbursements of this action and any other relief the Court deems just and proper.

## FIRST CAUSE OF ACTION
**(Violations of the FCRA)**
**(as to Defendant JP MORGAN CHASE)**

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22.     Defendant JP Morgan Chase, after receiving notice of a dispute pursuant to 15 U.S.C. §1681i(a)(2), violated 15 U.S.C. § 1681s-2(b) by:

  (a) Failing to conduct an investigation with respect to that disputed information;

  (b) Failing to review all relevant information provided by the consumer reporting agencies regarding the dispute and its own records;

  (c) Assuming *arguendo* that it did conduct an investigation into Plaintiff's dispute, failing to report the results of the investigation to the consumer reporting agencies who gave notice of the dispute; and/or

  (d) Assuming *arguendo* that it did conduct an investigation into Plaintiff's dispute, it did so negligently, because the findings are not supported by the documentary evidence, as indicated by Exhibit C.

23.     As a result of Defendant JP Morgan Chase's actions and failures, Plaintiff has been injured and is entitled to an award of actual damages, punitive damages, costs, and reasonable attorneys' fees in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**(Violations of the FCRA)**
**(as to Defendant Equifax)**

24.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length.

25.     Defendant Equifax violated 15 U.S.C. Sec. 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information contained in a consumer report.

26.     Defendant Equifax violated 15 U.S.C. § 1681i by:

(a) Failing to conduct a reasonable reinvestigation of Plaintiff's disputes and failing to timely delete the disputed items from Plaintiff's credit file upon being notified by plaintiff that her balance is "zero" on the Account, and that Plaintiff disputed the credit reporting by JP Morgan Chase;

(b) Failing to provide JP Morgan Chase with all relevant information regarding Plaintiff's disputes which Equifax received from Plaintiff;

(c) Failing to review and consider all relevant information provided by Plaintiff concerning Plaintiff's disputes, within the timeframe permitted by law; and

(d) after reinvestigation, failing to promptly delete or update the disputed items from Plaintiff's credit file upon finding that the items were inaccurate or incomplete or could not be verified.

27. As a result of the Defendant Equifax's actions and failures, the Plaintiff has been injured and is entitled to an award of actual damages, punitive damages, costs, and reasonable attorneys' fees in an amount to be determined at trial.

## DEMAND FOR TRIAL BY JURY

28. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which the Plaintiff is or may be entitled to a jury trial.

## . PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Amalia Abut respectfully demands judgment against the Defendants JP Morgan Chase & Co. and Equifax, jointly and severally, as follows:

A. For actual damages to Plaintiff in the maximum sum permissible for Defendants' joint and several negligent violations provided and pursuant to 15 U.S.C. Sec.

    1681o(a)(1), or in the alternative, Plaintiff is entitled to an award of actual damages for Defendants' joint and several willful noncompliance pursuant to 15 U.S.C. Sec. 1681n(a)(1)(A) ;

B. For an award of punitive damages in an amount to be determined at trial for Defendants' joint and several willful violations provided and pursuant to 15 U.S.C. Sec. 1681n(a)(2);

C. For an award of all costs and reasonable attorneys' fees in an amount to be determined at trial pursuant to 15 U.S.C. Sec. 1681o(a)(2);

D. For a declaration that the Defendant's joint and several practices violated the FCRA;

E. For an order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

F. For an order directing that Defendants send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

G. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
              January 23, 2013

        Respectfully submitted,


        By:  s/Fredrick Schulman
            Fredrick Schulman, Esq. (FS-2664)
        FREDRICK SCHULMAN & ASSOCIATES
        Attorneys at Law
        Attorney for Plaintiff
        30 East 29TH Street
        New York, New York 10016
        (212) 796-6053
        info@fschulmanlaw.com